UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

FLINT EDWARDS and CARLYNE DESIR,
Plaintiffs,
v.                                                            Case No.: 8:25-cv-1142-KKM-AAS

BMO HARRIS BANK N.A.,
Defendant,

**PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFFS' NOTICE OF VIOLATION, MOTION TO STRIKE, AND MOTION FOR SANCTIONS**

Plaintiffs Flint Edwards and Carlyne Desir, proceeding pro se, respectfully submit this Reply to Defendant BMO Bank N.A. f/k/a BMO Harris Bank N.A.'s ("Defendant" or "BMO Harris Bank, N.A") Objection and Response in Opposition (Doc. 14) to Plaintiffs' Notice of Violation, Motion to Strike, and Motion for Sanctions Pursuant to Rule 1.150 and Rule 11(b) (Doc. 11) ("Motion to Strike"). For the reasons below, the Court should grant Plaintiffs' Motion to Strike or, alternatively, consider it as a substantive opposition to BMO Harris Bank, N.A Motion to Dismiss (Doc. 9) and impose sanctions for BMO Harris Bank, N.A misrepresentations.

**INTRODUCTION**

Plaintiffs Flint Edwards and Carlyne Desir respectfully oppose Defendant BMO Harris Bank N.A.'s Objection and Response to Plaintiffs' Notice of Violation, Motion to Strike, and Motion for Sanctions. Defendant's filing is replete with mischaracterizations, procedural evasions, and factual distortions. Plaintiffs assert that the Motion to Dismiss filed by Defendant is deceptive, omits critical facts, and constitutes a misuse of judicial process in violation of Federal Rule of Civil Procedure 11(b).

The facts set forth in the complaint are undisputed and uncontested based on the rule that Defendant BMO Harris Bank is deemed to have admitted all allegations in the Complaint. Defendant BMO Harris Bank N.A fail to "state in short and plain terms the pleader's defenses to each claim asserted," Defendant BMO Harris Bank fails to "admit or deny the averments in which the adverse party relied," and fails to substantially meet the requirements of an Answer to a Complaint. Fla. R. Civ. P. 1.140. Defendant have failed to meet the requirements of an answer under the Florida Rules of Civil Procedure. Furthermore, Plaintiffs reside in Riverview, Hillsborough County, within the Tampa Division, and BMO Harris Bank N.A conducted business there, including loan servicing and collection efforts with Plaintiffs. Osceola County do not have personal jurisdiction over Flint Edwards and Carlyne Desir or subject matter jurisdiction, venue is improper because alleged Defendants in the State court case, never resided in Osceola County. BMO Harris Bank N.A state court Judgment is void due to fraud, misrepresentation, and

misconduct under Florida Rule of Civil Procedure 1.540(b)(3). **Improper venue, standing, failure of subject matter jurisdiction and personal jurisdiction**.

Plaintiffs' Motion to Strike was filed in good faith to address misrepresentations and omissions in BMO Harris Bank, N.A Motion to Dismiss, which they believe violate Federal Rule of Civil Procedure 11(b) and prejudice their case. BMO Harris Bank, N.A opposition (Doc. 14) focuses on procedural defects, ignoring the substance of Plaintiffs' allegations. As pro se litigants, Plaintiffs are entitled to liberal construction of their filings, and any procedural errors should not overshadow their claims of misconduct. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court should grant the motion or, at minimum, consider it as part of Plaintiffs' opposition to BMO Harris Bank, N.A Motion to Dismiss and order sanctions or other relief to ensure fairness.

**ARGUMENT**

**I. PLAINTIFFS' MOTION TO STRIKE IS LEGITIMATE AND NECESSARY**

Plaintiffs' Motion to Strike Is a Valid Response to BMO Harris Bank Motion to Dismiss. BMO Harris Bank, argues that Plaintiffs' Motion to Strike is improper under Federal Rule of Civil Procedure 12(f) because it targets a motion, not a pleading, and fails to identify "redundant, immaterial, impertinent, or scandalous matter." (Doc. 14 at 4–6). While Plaintiffs acknowledge their limited legal expertise, the motion was intended to challenge BMO Harris Bank, N.A misrepresentations and protect Plaintiffs rights.

1. **Liberal Construction for Pro Se Filings**. Courts construe pro se filings liberally to discern their intent, even if they use incorrect terminology. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiffs' Motion to Strike (Doc. 11) argues that BMO Harris Bank, N.A Motion to Dismiss contains "inaccurate statements" and omits "material facts" about the underlying loan agreements and state court litigation. (Doc. 11 at 3–5).
2. Though styled as a motion to strike, it functions as a substantive opposition to BMO Harris Bank, N.A motion, highlighting falsehoods that could mislead the Court.
3. The Court should treat it as a supplement to Plaintiffs' Response in Opposition (Doc. 10) rather than dismiss it for technical errors. See *Castro v. United States*, 540 U.S. 375, 381–82 (2003) (courts may recharacterize pro se filings to avoid "inappropriately stringent" outcomes).
4. **BMO Harris Bank, N.A Motion Contains Objectionable Content**. Although Rule 12(f) applies to pleadings, courts have discretion to strike or disregard improper content in motions that prejudice a party or confuse the issues. *Liberty Media Holdings, LLC v. Wintice Grp., Inc.*, No. 6:10-cv-44-Orl-19GJK, 2010 U.S. Dist. LEXIS 58683, at *3–4 (M.D. Fla. June 14, 2010).
5. Plaintiffs allege BMO Harris Bank, N.A misrepresented the state court litigation by claiming the Complaint is a collateral attack barred by *Rooker-Feldman*, despite Plaintiffs' independent claims of fraud and non-disclosure. (Doc. 11 at 4; Doc. 1, 59, 147).

2

6. BMO Harris Bank, N.A also allegedly concealed documents related to loan securitization, which are material to Plaintiffs' claims. (Doc. 11 at 5). These issues, if true, could "confuse the issues" or "prejudice" Plaintiffs, warranting relief. *Id.*
7. BMO Harris Bank claims motions to strike are "time wasters" (Doc. 14 at 4) but responding to Plaintiffs' motion imposes no undue burden on a well-resourced defendant like BMO Harris Bank.
8. In contrast, allowing BMO Harris Bank, N.A misrepresentations to stand risks prejudicing Plaintiffs, who lack counsel and rely on the Court's fairness. Denying the motion on procedural grounds would penalize Plaintiffs' pro se status rather than address the substance of their concerns.
9. Contrary to Defendant's assertions, Plaintiffs' Motion to Strike is a direct and specific challenge to misrepresentations and abusive conduct contained within Defendant's Motion to Dismiss.
10. Plaintiffs are not merely challenging legal positions but seeking redress for fraudulent misstatements and omissions that taint the integrity of the pleadings.
11. The use of Rule 1.150 and Rule 11(b) is warranted by the Defendant's conduct and patterns of obfuscation.

## II. PLAINTIFFS' SANCTIONS MOTION COMPLIES WITH RULE 11 AND SEEKS TO ADDRESS ABUSE

**12.** Plaintiffs' Request for Sanctions Complies with Rule 11 or Merits Leniency. BMO Harris Bank, N.A argues that Plaintiffs' request for sanctions under Rule 11(c) is procedurally defective because it was not filed separately and lacked a 21-day "safe harbor" notice. (Doc. 14 at 6–8). Plaintiffs request leniency for these errors and argue that sanctions are warranted.
13. Procedural Errors Do Not **Bar Relief**. Rule 11(c)(2) requires a separate motion and a 21-day safe harbor period to allow the opposing party to correct violations. Plaintiffs admit they did not fully comply with these requirements due to their unfamiliarity with legal procedures.
14. However, pro se litigants are held to less stringent standards, and courts may excuse technical non-compliance where the motion has merit or the opposing party had notice of the issues. *Silva v. Swift*, No. 4:19-CV-286-RH/MJF, 2020 WL 5523400, at 13 (N.D. Fla. June 1, 2020).
15. Plaintiffs' Motion to Strike clearly identifies BMO Harris Bank, N.A alleged misrepresentations (Doc. 11 at 3–5), giving BMO Harris Bank, N.A notice of the issues. BMO Harris Bank, N.A response (Doc. 14) shows it had an opportunity to address the allegations, mitigating any prejudice from the lack of a formal safe harbor letter.
16. **BMO Harris Bank, N.A Conduct Violates Rule 11(b)**. Rule 11(b) requires filings to be non-frivolous, supported by evidence, and not presented for improper purposes. Plaintiffs allege BMO Harris Bank, N.A Motion to Dismiss misrepresents the Complaint as a "sovereign citizen" filing and a collateral attack

3

    on state court judgments, despite Plaintiffs' independent claims of fraud and non-disclosure. (Doc. 11 at 4; Doc. 9 at 5–9).

17. For example, BMO Harris Bank, N.A assertion that Rooker-Feldman bars this case (Doc. 9 at 2–5) ignores allegations of pre-judgment fraud, which are not inextricably intertwined with the state court rulings. See *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021).
18. Additionally, BMO Harris Bank, N.A failure to address securitization documents, which Plaintiffs claim were concealed (Doc. 11 at 5), suggests a lack of evidentiary support for its denials. These actions, if proven, could violate Rule 11(b)(3) (factual contentions must have evidentiary support).
19. **Sanctions or Alternative Relief Is Appropriate**. Even if Rule 11(c) procedures were not followed, the Court has inherent authority to address misconduct or order corrective measures, such as requiring BMO Harris Bank, N.A to clarify its filings or produce withheld documents. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991).
20. Plaintiffs request sanctions in the form of costs or an order striking improper arguments from BMO Harris Bank, N.A motion to prevent prejudice.
21. While Defendant alleges noncompliance with the Rule 11 'safe harbor' provision, Plaintiffs have presented a clear request for sanctions based on Defendant's failure to meet the basic standards of truthfulness and good faith in filings.
22. Defendant's attempt to conflate Rule 12 and 11 to shield itself from scrutiny is improper and undermines the intent of Rule 11 to preserve judicial integrity.

## III. DEFENDANT'S OBJECTION IS A DEFLECTIVE AND UNSUPPORTED ATTEMPT TO EVADE JUDICIAL REVIEW

23. Rule 1.150 Is Inapplicable, But the Error Is Harmless. BMO Harris Bank, N.A does not directly address Plaintiffs' citation to Florida Rule of Civil Procedure 1.150, which governs motions to strike sham pleadings in state court. (Doc. 14).
24. Plaintiffs acknowledge this was an error, as federal rules govern this case. However, the reference was an innocent mistake by pro se litigants and does not undermine the motion's substance. The Court should focus on Plaintiffs' Rule 11 arguments and their intent to challenge BMO Harris Bank, N.A filings. Haines, 404 U.S. at 520.
25. Defendant repeatedly relies on irrelevant past litigation and conclusory allegations that Plaintiffs are vexatious. This tactic does not address the substance of Plaintiffs' concerns about procedural and factual integrity. Plaintiffs' filing was based on identifiable misstatements and concealment of facts regarding the state court litigation and the contractual context.
26. Plaintiffs' past litigation is Inadmissible hearsay and are not related to this case.

## IV. Right to Defend Against Unlawful Claims Without Being Labeled Vexatious.

27. BMO Harris Bank, N.A Vexatious Litigant Motion Does Not Justify Denial. BMO Harris Bank, N.A references its pending Motion to Declare Plaintiffs Vexatious Litigants (Doc. 12), claiming the Motion to Strike is another example of harassing tactics. (Doc. 14 at 3). This is irrelevant to the motion's merits.
28. Their current motion is a good-faith effort to protect their case, not a pattern of abuse. BMO's attempt to link this motion to its vexatious litigant claim is premature and distracts from the issues at hand.
29. Plaintiffs assert their fundamental right to defend themselves against unlawful debt collection, malicious prosecution, and fraudulent legal practices without being branded as vexatious litigants.
30. The invocation of prior litigation as a basis for this label is improper and prejudicial. As recognized in federal authority, "impertinent" matter has been defined as material in a pleading "that is not relevant to the action or defense. Such matter might include exhibits such as past litigation or other material comprised of hearsay or statements by nonparties incorporated to bolster opposing party's allegations."
31. **On or about June 22, 2025, Plaintiff Flint Edwards just settle a debt collection case in his favor. Both Plaintiffs have previously settled cases in the pass which they are not allowed to disclose.** Flint Edwards v. Bull City Financial Solutions, Inc case # 8:25-cv-00752-TPB-AEP.
32. The Defendant's reliance on unrelated prior lawsuits and extraneous materials to support its Motion is an improper attempt to chill Plaintiffs' constitutional right to petition the courts for redress.
33. Plaintiffs' actions are grounded in legitimate claims, and efforts to seek justice through proper legal channels should not be misconstrued as abusive or vexatious.
34. Attorneys can't authenticate any documents if they are not a first-hand, eyewitness of an actual event. **Any statements by an attorney that a document as valid must be rejected as evidence unless it is certified, validated, and certified by a competent witness.** Supreme Court Rulings "An attorney for the plaintiff cannot admit evidence into the court. He is either an attorney or a witness". (Trinsey v. Pagliaro D.C.Pa. 1964, 229 F. Supp. 647). "Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment," Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647." Attorneys statements are hearsay, counsels do not have personal knowledge of the facts.
35. Zimmerman Kiser (firm), and Bradley J. Anderson abuse of the judicial process may result in sanctions against the offenders.
36. 18 U.S.C. § 242 - Deprivation of Rights Under Color of Law; 18 U.S.C. § 241 - Conspiracy Against Rights. Wherefore all have undeniable knowledge.

**CONCLUSION**

Plaintiffs' Motion to Strike is a valid, good-faith effort to address BMO Harris Bank, N.A misrepresentations in its Motion to Dismiss. The Court should grant the motion to strike

5

improper arguments or, alternatively, treat it as a supplement to Plaintiffs' opposition (Doc. 10) and impose sanctions under Rule 11(c) or the Court's inherent authority. Any procedural errors should be excused due to Plaintiffs' pro se status, and the Court should find that BMO Harris Bank, N.A conduct warrants corrective action. BMO Harris Bank, N.A and its counsel has demonstrated only bad faith in their efforts to communicate with Plaintiffs and resolve Plaintiffs claims related to this complaint.

For the foregoing reasons, Plaintiffs respectfully request that this Court DENY Defendant's Objection and Response in its entirety and proceed with ruling on Plaintiffs' Motion to Strike and Motion for Sanctions, which are properly grounded in law and fact.

**WHEREFORE**, Plaintiffs Flint Edwards and Carlyne Desir respectfully request that the Court enter an Order granting their Motion to Strike and for Sanctions (Doc. 11), striking improper portions of BMO Harris Bank, N.A Motion to Dismiss (Doc. 9), imposing sanctions against BMO Harris Bank, N.A and its counsel, and providing any other relief deemed just and proper.

**It would be unjust to allow one who made false representations to retain the fruits of a bargain induced by such representations." Whipp v. Iverson, 43 Wis 2d 166. We have NOT seen any evidence to support any allegations to the contrary, and I believe no such evidence exists.**

LOCAL RULE 3.01(g) I HEREBY CERTIFY that I have conferred with counsel or the opposing party in a good faith effort to resolve, by agreement, the issues raised in this Reply or will make a diligent effort to do so prior to the hearing.

Respectfully submitted,

_____*Flint Edwards*_____
By: Edwards: Flint sui juris
12935 Willow Grove Dr
All Rights Reserved,

_____*Carlyne Desir*_____
Carlyne Desir All Rights Reserved,
12935 Willow Grove Dr.
Email: cscaselitigation@gmail.com

We HEREBY CERTIFY that a true and correct copy of the foregoing will be furnished via email to BAnderson@zkslawfirm.com and court record. DONE IN GOOD FAITH.

We declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the PLAINTIFFS' REPLY TO DEFENDANT'S OBJECTION AND RESPONSE IN OPPOSITION TO PLAINTIFFS' NOTICE OF VIOLATION, MOTION TO STRIKE, AND MOTION FOR SANCTIONS by Plaintiff declaration is executed in Florida, dated June 30, 2025.