UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CARLYNE DESIR and**
**FLINT EDWARDS,**

      **Plaintiffs,**

v.                                             Case No. 8:25-cv-1142-JLB-AAS

**BMO HARRIS BANK N.A.,**

      **Defendant.**
_____/

## ORDER

Defendant BMO Harris Bank N.A. (BMO) moves to stay discovery pending a ruling on their motion to dismiss. (Doc. 21). The pro se plaintiffs Carlyne Desir and Flint Edwards (collectively, the plaintiffs) oppose the motion. The plaintiffs did not file a response in opposition to BMO's motion to stay.

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. App'x. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit instructs that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins.

1

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of the BMO's motion to dismiss is that the plaintiffs' complaint is barred by the *Rooker-Feldman* doctrine,[1] fails to state a claim upon which relief may be granted, and is an impermissible shotgun pleading. (*See* Doc. 9). Without remarking on the merits of the BMO's motion, the court finds good cause for a temporary stay of discovery. *See David v. United States*, No. 8:19-CV-2591-T-36JSS, 2020 WL 1862606 at *2 (M.D. Fla. Apr. 14, 2020) (staying discovery because the motion to dismiss raised "potentially

---

[1] "The Rooker–Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts." *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000).

meritorious" challenges, which outweighed any potential harm to the plaintiff). BMO's motion to dismiss presents a nonfrivolous challenge to the plaintiffs' claims. Although a stay will delay discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines the plaintiffs' complaint is subject to dismissal.

Accordingly, BMO's motion to stay discovery (Doc. 21) is **GRANTED**. Discovery is **STAYED** pending the court's ruling on BMO's motion to dismiss (Doc. 9). The plaintiffs' Motion to Compel Discovery Responses and for Sanctions (Doc. 22) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on November 17, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge