UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLYNE DESIR and FLINT
EDWARDS,

      Plaintiffs,

v.                                           Case No:   8:25-cv-01142-JLB-AAS

BMO HARRIS BANK N.A.,

      Defendant.
_____/

## ORDER

Before the Court is Plaintiffs Carlyne Desir and Flint Edwards's Complaint seeking declaratory and injunctive relief against Defendant BMO Harris Bank N.A. (Doc. 1).[1]  Defendant moves to dismiss the Complaint (Doc. 9) and declare Plaintiffs vexatious litigants (Doc. 12).  Plaintiffs respond (Docs. 10, 13).  Upon careful review, Plaintiffs' Complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[1] This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, providing that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States[.]"

## BACKGROUND[2]

Plaintiffs' company, CNI Express LLC ("CNI"), entered into three loan agreements with Defendant, which Plaintiffs personally guaranteed. (Doc. 1 at 23–26; 35–41; ¶¶ 15, 51). Defendant sued Plaintiffs and CNI in Florida state court, alleging that the loan agreements were in default for failure to pay. (*Id.* at 35–46). The state court judge entered final default judgment in favor of Defendant as to the First and Second loan agreements. (Doc. 9 at 14–21).[3] In doing so, the state court upheld those loan agreements and found that Plaintiffs were in default for failure to pay in accordance with the agreements. (*Id.*).

Plaintiffs bring a total of four claims in this Court, seeking declaratory and injunctive relief. (Doc. 1 at ¶¶ 85–199). Specifically, Plaintiffs allege that the loan agreements lacked mutual consideration and securitization, and that Defendant misrepresented material facts. (*Id.* at ¶¶ 32–33, 39–40). On these bases, Plaintiffs "seek to determine whether Defendant retains lawful standing to enforce or collect under the subject security instruments or loan agreements" and to dismiss the state court case. (*Id.* at ¶¶ 5, 147, 192). Notably, the Complaint challenges the legitimacy of only the First and Second loan agreements. (*Id.* at ¶¶ 16, 52).

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted). Accordingly, this background section relies on the facts recited in the Complaint. (*See* Doc. 1).

[3] The Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Defendant moves to dismiss on several grounds (Doc. 9) and to declare Plaintiffs vexatious litigants (Doc. 12).  Plaintiffs responded (Docs. 10, 13).

## LEGAL STANDARD

When a motion seeks dismissal on multiple grounds, a court should first consider the jurisdictional challenges.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998).  Courts must always address threshold jurisdictional issues first, because a court cannot reach questions that it never had jurisdiction to entertain.  *Boone v. Sec'y, Dep't Of Corr.*, 377 F.3d 1315, 1316 (11th Cir. 2004).  "Federal courts are courts of limited jurisdiction," and subject matter jurisdiction must be established before a case can proceed on the merits.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Attacks on subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) are either facial or factual.  *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).  Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."  *Id.* at 1529 (quotation omitted).  Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered."  *Id.* (quotation omitted).

"[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim[.]"  *Sweet Pea Marine, Ltd. V. APJ Marine,*

*Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

## DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint on several grounds, arguing that the Complaint is an impermissible shotgun pleading, fails to state a claim, is filed in an improper venue, and lacks subject-matter jurisdiction. (Doc. 9). Defendant also moves to declare Plaintiffs vexatious litigants (Doc. 12). The Court first addresses whether it has subject-matter jurisdiction over this action.

### I. The Court Lacks Subject Matter Jurisdiction under the *Rooker-Feldman* Doctrine.

Defendant moves to dismiss for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Doc. 9 at 2–5). The *Rooker-Feldman* doctrine applies to cases involving "state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

4

Accordingly, "[t]he doctrine applies both to federal claims raised in the state court and to those 'inextricably intertwined' with the state court's judgment." *Id.* (quoting *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983)). "A claim is inextricably intertwined if it would 'effectively nullify' the state court judgment, . . . or it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Id.* (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)).

Here, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine because they seek judgment that the First and Second loan agreements are unenforceable and that the state court judgment is void. (Doc. 1 at ¶¶ 130, 147, 163–64, 192). The Court does not have subject-matter jurisdiction to provide such relief because it would require the court to modify or reverse the state court's judgment. *See Casale*, 558 F.3d at 1260.

In response, Plaintiffs argue that *Rooker-Feldman* is inapplicable because they are merely "challeng[ing] the manner in which their rights were violated through non-disclosure, misrepresentation, securitization, and failure of consideration," which are "issues never addressed or adjudicated by the state court." (Doc. 10 at 2). However, because awarding Plaintiffs the relief sought (*i.e.*, declaring the loan agreements unenforceable and dismissing the state court action) necessarily requires this Court to determine whether the state court correctly decided the issue, Plaintiffs' claims are barred by *Rooker-Feldman*. *See Casale*, 558

5

F.3d at 1260.  Thus, the proper remedy for Plaintiffs is to file an appropriate appeal in Florida state court.

## II. The Court Declines to Declare Plaintiffs Vexatious Litigants at this Time.

The Court next considers Defendant's motion to declare Plaintiffs vexatious litigants (Doc. 12).  The following factors guide the Court in determining whether Plaintiffs are vexatious litigants:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ray v. Lowder*, No. 5:02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003).  Upon consideration, the Court declines to declare Plaintiffs vexatious litigants at this time.

Defendant argues that Plaintiffs' history of litigation weighs in favor of declaring them vexatious litigants.  (Doc. 12 at 4–9).  Specifically, Defendant points to three lawsuits involving itself and Plaintiffs since 2023.  The first was brought by Defendant against Plaintiffs in state court for default on the loan payments.  (Doc. 9 at 14).  While the state lawsuit was ongoing, Plaintiffs filed a lawsuit against Defendant in federal court, which was stayed pending the outcome of the state court proceeding.  *See CNI Express, LLC et al v. BMO Harris Bank NA et al*, Case No. 8:23-cv-01577-CEH-UAM  After the state court ruled in favor of Defendant,

Plaintiffs filed this action essentially seeking appellate review of a state trial court by a federal district court.

Defendant also points the Court to litigation brought by Plaintiffs in other contexts. (Doc. 12 at 8–9) (citing *Desir v. Experian Information Solutions, Inc. et al*, Case No. 8:24-cv-02521-SDM-SPF (action brought by Carlyne Desir and resolved through joint stipulations of dismissal); *Desir v. Andreu, Palma, Lavin & Solis, PLLC et al*, Case No. 8:24-cv-02651-SDM-NHA (action brought by Carlyne Desir and dismissed after time to amend complaint expired); *Desir v. Experian Information Solutions, Inc. et al*, Case No. 8:22-cv-01991-MSS-NHA (action brought by Carlyne Desir and resolved after the defendant was ordered to pay $3,000 to Desir); *Edwards v. Bullcity Financial Solutions, Inc., et al.*, Case No. 8:25-cv-00752-TPB-AEP (action brought by Flint Edwards and resolved through a joint stipulation of dismissal); *Desir v. LVNV Funding, LLC et al*, Case No. 8:22-cv-01300-CEH-UAM (action brought by Carlyne Desir and dismissed without prejudice for failure to prosecute after expiration of time to file case management scheduling order); *Desir v. Fla. Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 175 (E.D.N.Y. 2019) (action brought by Carlyne Desir dismissed for failure to prosecute and warning Desir that bringing an identical action against the same defendants may result in sanctions); *Desir et al v. LoanCare, LLC*, Case No. 8:25-cv-01073-TPB-AAS (action brought by Carlyne Desir and Flint Edwards stayed pending resolution of parallel state court proceeding).

While the Court appreciates Defendant's frustration, Plaintiffs' litigation against Defendant does not yet rise to the level of harassing or vexatious. Notably,

7

the first lawsuit involving Defendant was initiated by Defendant, not by Plaintiffs. Further, the overwhelming majority of cases cited by Defendant in support of declaring Plaintiffs vexatious litigants involved only Carlyne Desir and/or were resolved through joint stipulations of dismissal. Indeed, one case even resulted in a monetary award in *favor* of Desir. Considering this litigation history and Plaintiffs' *pro se* status, declaring Plaintiffs vexatious litigants and severely restricting their access to the courts would be premature.

That said, the Court takes this opportunity to warn Plaintiffs that, "[w]hile the Court typically grants *pro se* litigants significant leeway with their pleadings, that leniency does not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Foley v. Orange Cnty.*, No. 6:22-CV-456-RBD-EJK, 2023 WL 5050956, at *3 (M.D. Fla. May 12, 2023). Accordingly, this Order will serve as a warning to Plaintiffs that if they file another complaint bringing duplicative, frivolous, or harassing claims against Defendant, they are at risk of being declared vexatious **and may face substantial monetary sanctions imposed against them by the Court**. *See Jackson v. Bank of New York*, No. 4:17CV352-MW/CAS, 2017 WL 3614389, at *2 (N.D. Fla. Aug. 11, 2017) (cautioning plaintiff that an identical lawsuit may result in sanctions because she already "had multiple bites at the apple[.]").

8

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Defendant BMO Harris Bank N.A.'s Motion to Dismiss (Doc. 9) is **GRANTED**.

(3) Defendant BMO Harris Bank N.A.'s Motion to Declare Plaintiffs Vexatious Litigants (Doc. 12) is **DENIED**.

(4) Plaintiffs' Motion to Strike and/or For Sanctions (Doc. 11) is **DENIED AS MOOT**.[4]

(5) The Clerk is instructed to terminate all pending deadlines and motions, and **CLOSE THE CASE**.

**ORDERED** in Tampa, Florida, on January 23, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[4] After careful review and in light of this Court's dismissal of Plaintiffs' Complaint for lack of subject matter jurisdiction, the Court **denies** as MOOT Plaintiffs' Motion to Strike Defendant's Motion to Dismiss their complaint and/or Motion for Sanctions. (Doc. 11).